IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:25-cv-00281-MR

| | |
|---|---|
| RODNEY E. JONES, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>LESLIE COOLEY DISMUKES, )<br>Secretary, North Carolina )<br>Department of Adult Correction, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on initial review of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Rodney E. Jones ("Petitioner"). [Doc. 1]. Petitioner has also filed an Application To Proceed In District Court Without Prepaying Fees Or Costs. [Doc. 2].

I.  **BACKGROUND**

Petitioner is a prisoner of the State of North Carolina. Petitioner was convicted in Mecklenburg County, North Carolina, of first-degree burglary, larceny after breaking and entering, and having attained habitual felon status. [Doc. 1 at 1]. Petitioner was sentenced to 151 months to 191 months imprisonment. [Id.]. According to the North Carolina Department of Adult

Correction, Offender Public Information Database, Petitioner is currently being held at the Foothills Correctional Institution, 5150 Western Avenue, Morganton, North Carolina, 28655.[1]  Petitioner commenced this action seeking relief from two prison disciplinary convictions he received while incarcerated at the Bertie Correctional Institution in September 2024: an "A-16" offense (possession of an unauthorized cell phone) and an "A-21" offense (extortion). [Doc. 1-1].  Petitioner requests the reinstatement of all good-time credits lost due to these convictions. [Doc. 1 at 15].

The Petitioner previously brought this exact claim in a prior habeas action. [Case No. 3:24-cv-00992-MR, Doc. 7]. The Court dismissed that action without prejudice because the petition filed therein improperly misjoined multiple unrelated claims in a single petition. [Id., Doc. 16].

## II. STANDARD OF REVIEW

28 U.S.C. § 2254 applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254. Under § 2254, a state prisoner's claims are limited to allegations

---

[1] See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0218248&searchOffenderId=0218248&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (herein "NCDAC Database"); Fed. R. Evid. 201.

that challenge either the fact or duration of their confinement. Preisier v. Rodriguez, 411 U.S. 475, 489 (1973).

A petitioner may only proceed on a claim related to a prison disciplinary proceeding to the extent that the disciplinary conviction increased the duration of the petitioner's custody. Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) ("Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of ... physical confinement,' ... and thus lies at 'the core of habeas corpus[.]'") (quoting Preisier, 411 U.S. at 487-488). Inmates possess a protected liberty interest in the award of gain time and are entitled to "the minimum requirements of procedural due process" at disciplinary proceedings resulting in the loss of gain time. Wolff v. McDonnell, 418 U.S. 539, 557-558 (1974).

In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254.

### III. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue

habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A); Mallory v. Smith, 27 F.3d 991, 992 (4th Cir. 1994). "When a state prisoner challenges the length or duration of his confinement by alleging that certain good time credits were cancelled or denied pursuant to an unconstitutional process, and then seeks the restoration of those credits by way of a federal habeas petition, he must first exhaust his state remedies." Cannon v. Slagle, 2017 WL 1458205, *2 (W.D.N.C. April 24, 2017) (citing Todd v. Baskerville, 712 F.2d 70, 72 (4th Cir. 1983)).

The exhaustion requirement reflects "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal citation and quotation marks omitted). In order "[t]o provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal citation and quotation marks omitted). "North Carolina permits a state prisoner to challenge the calculation of credits against a prison sentence by filing a Motion for Appropriate Relief, N.C. Gen. Stat. § 15A-1411 *et seq.*, in the superior court where the conviction arose and by

appealing any adverse ruling thereon in the state appellate courts." Hatcher v. Keller, No. 1:10CV30, 2010 WL 1568458, slip op. at *2 (M.D.N.C. Apr. 16, 2010) (citing State v. Bowden, 193 N.C. App. 597, 597-600, 668 S.E.2d 107, 108-09 (2008)); see also Satori v. N.C. Att'y Gen., No. 1:11-cv-00024-RJC, 2011 WL 1542134, slip op. at *2 (W.D.N.C. Apr. 22, 2011); Tompkins v. Thomas, No. 5:10-HC-2004-BO, 2010 WL 4735910, slip op. at *2 (E.D.N.C. Nov. 15, 2020). Alternatively, "North Carolina allows prisoners to bring civil suits in equity in State court to challenge the denial of their good-time credits." Satori, 2011 WL 1542134, at *2 (citing Smith v. Beck, 176 N.C. App. 757, 627 S.E.2d 284 (2006); Teasley v. Beck, 155 N.C. App. 282, 574 S.E.2d 137 (2002)).

The Petitioner admits to filing an administrative appeal seeking review of his disciplinary conviction. [Doc. 1 at 5]. Petitioner, however, has provided no evidence showing that that he sought *judicial* review of his claims in state court. In fact, Petitioner indicates, incorrectly, that it was not necessary for him to pursue any judicial post-conviction remedies because his loss of good-time credits was a "NCDAC Admin. Matter." [Id. at 6]. Because a prisoner seeking federal habeas relief to restore forfeited good-time credits is required to exhaust his state judicial remedies in addition to his state administrative remedies, and because Petitioner has failed to pursue any

judicial post-conviction remedies, this exhaustion requirement has not been fulfilled. Accordingly, the Court shall dismiss this action as it plainly appears from the petition that the Petitioner is not entitled to relief.

## IV. CONCLUSION

The Court will dismiss the Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] and this action. Further, the Court will deny as moot Petitioner's Application To Proceed In District Court Without Prepaying Fees Or Costs. [Doc. 2]. Finally, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court will decline to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED.**

2. The Petitioner's Application To Proceed In District Court Without

6

Case 3:25-cv-00281-MR    Document 4    Filed 12/02/25    Page 6 of 7

Prepaying Fees Or Costs [Doc. 2] is **DENIED as moot**.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

4. The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: December 2, 2025

Martin Reidinger
Chief United States District Judge